*United States Bankruptcy Court*
*District of New Jersey*
*Clarkson S. Fisher Federal Building*
*United States Courthouse*
*402 East State Street*
*Trenton, New Jersey 08608*

*Hon. Kathryn C. Ferguson*                                                                     *(609) 858-9351*
*Chief Bankruptcy Judge*

## LETTER DECISION

December 22, 2015

Melinda Middlebrooks, Esquire
Joseph M. Shapiro, Esquire
Middlebrooks Shapiro, P.C.
841 Mountain Avenue, First Floor
Springfield, New Jersey 07081

Joshua S. Bauchner, Esquire
Ansell Grimm & Aaron, P.C.
356 Rifle Camp Road
Woodland Park, New Jersey 07424

                                         Re:     Howard M. Schwartz – Case No. 15-10653

                                                        Steven Mitnick as Assignee for the Creditor
                                                        HMS Contracting, LLC and Creditor
                                                        HMS Devcon Group, LLC vs.
                                                        Howard M. Schwartz, et al.
                                                        Adversary No. 15-1399

Dear Counsel:

       On October 9, 2015, the Plaintiff filed a motion seeking authority to file a second amended complaint. Defendants SMS Fitness, LLC d/b/a Retro Fitness of New City and Schmell Marinaccio, LLC ("Retrofitness Defendants") opposed the motion. On December 9, 2015, the court took oral argument on the Plaintiff's motion, and reserved decision. After considering the oral argument and the parties' submissions, the court denies the motion as to the Retrofitness Defendants.

Despite the liberal amendment policy embodied in Rule 15, the Supreme Court has long held that leave to amend may be denied in the presence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[1] The Retrofitness Defendants argue that leave to amend must be denied based on bad faith and futility.

Let us begin our analysis with the futility argument. The Third Circuit has held that "[a]mendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss."[2] A motion to dismiss is governed by Federal Rule of Civil Procedure 12(b). Rule 12(b)(6) provides that a claim for relief may be dismissed for "failure to state a claim upon which relief can be granted".[3] The Supreme Court has recognized that Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and fact-finding."[4] A pointless complaint should "be exposed at the point of minimum expenditure of time and money by the parties and the court."[5] As one court noted, "Another laudable purpose of a Rule 12(b)(6) motion is to address potentially legally meritless claims efficiently, prior to expensive and time-consuming discovery."[6]

The Retrofitness Defendants assert that the claims against them fail as a matter of law because the complaint impermissibly seeks to hold the Retrofitness Defendants accountable for acts of A&H in hiring subcontractors to perform work at a fitness club. That assertion was true with regard to the first Amended Complaint, which alleged that "Howard Schwartz directed the Creditors to perform extensive construction services on the New City Retrofitness Construction Project …."[7] By contrast, the proposed Second Amended Complaint alleges that "the Contractors were engaged by SMS Fitness, LLC d/b/a Retro Fitness of New City to extend money property, and services in connection with construction of fitness facilities in the Commercial Space …."[8] That factual assertion is allegedly supported by Exhibits I – K to the Second Amended Complaint; however, the documents in those exhibits do not even begin to establish that SMS Fitness was the party in privity with the Contractors. The Supreme Court has emphasized that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] The blanket assertion that SMS Fitness was the party who engaged the Contractors does not satisfy the plausibility standard. The complaint simply does not contain sufficient factual matter to be

---

[1] *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also, Lorenz v. CSX Corp.*, 1 F.3d 1406 (3d Cir. 1993)

[2] *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (citation omitted)

[3] Fed. R. Civ. P. 12(b)(6)

[4] *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989)

[5] *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007)

[6] *Astrop v. Eckerd Corp.*, 2010 WL 1779992 (E.D. Va. April 29, 2010)

[7] Amended Complaint at ¶ 24

[8] Second Amended Complaint at ¶ 40

[9] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))

plausible on its face. The court is mindful that the Supreme Court's *Twombly* formulation of the pleading standard "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element."[10] Here, there are zero facts alleged that suggest that SMS Fitness was the party that engaged the services of the Contractors for the construction of the fitness facility, nor is there any indication of how discovery would supply those facts. If a contract or writings exist to show privity between SMS Fitness and the Plaintiff/Contractors then it would be in the hands of the Plaintiff/Contractors (HMS Contracting, LLC and HMS Devcon Group, LLC) and would not need to be obtained through discovery. At oral argument, Plaintiff's counsel suggested that dismissal was premature because something might be developed later through discovery. The court finds that refusing to dismiss based on mere speculation that better facts might develop "would be entirely at odds with Rule 12(b)(6)'s purpose of freeing defendants from the burden of litigating a facially meritless claim."[11]

The issue of whether the Retrofitness Defendants were in privity with the Plaintiff is dispositive because under New Jersey law a claim for payment by a subcontractor may only be levied against the party with whom the subcontractors were in privity; it may not be levied against those "further up the chain".[12] The fact that the Plaintiffs did not have a contractual relationship with the Retrofitness Defendants also defeats the many quasi-contractual claims contained in the Second Amended Complaint. As noted by the Appellate Division, "if all subcontractors had the ability to recover quasi-contractual claims against owners, 'both they and the lenders would find it impossible to monitor payments on the job ….'"[13] New Jersey's Construction Lien Law[14] exists to provide a remedy in these situations. The Lien Law cannot be circumvented by resort to common law tort and quasi-contractual claims. Courts have noted that "[s]uch a rule would create havoc in the construction industry."[15] Accordingly, the court finds that the proposed Second Amended Complaint, as it pertains to the Retrofitness Defendants, would not survive a motion to dismiss and therefore is futile. Leave to amend is denied.

The Retrofitness Defendants also object to the fraud count, which they argue does not satisfy Rule 9(b). That objection is unnecessary because the fraud count[16] is directed solely at Defendants Howard Schwartz and A & H Fitness, LLC.

Given this ruling, the court does not need to address the Retrofitness defendants alternative ground asserted for denial of the motion, that being, that the Second Amended Complaint is being proposed in bad faith because the facts in the complaint are based on the repudiated testimony of Jeffrey Golub.

---

[10] *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)
[11] *Plater-Zyberk v. Abraham*, 1198 WL 67545 (E.D. Pa. February 17, 1998)
[12] *F. Bender, Inc. v. Jos. L. Muscarelle, Inc.*, 304 N.J. Super. 282, 286 (App. Div. 1997)
[13] *Macedos Const. Co., Inc. of New Jersey v. Tomae Const. Co.*, 2006 WL 2193607 (App. Div. July 21, 2006) (quoting *Bender*)
[14] *N.J.S.A.* 2A:44A-1 to 2A:44A-38
[15] *Bender*, 304 N.J. Super. at 284
[16] Identified in the Second Amended Complaint as the Fourteenth Claim for Relief

      This ruling is limited to the aspects of the proposed Second Amended Complaint that directly involve the Retrofitness Defendants. Leave to amend other aspects of the complaint is granted. If the Plaintiff chooses to file a second amended complaint, it must be filed no later than January 15, 2016.  The request by the Debtor and Non-Debtor defendants to extend the time for filing a responsive pleading or motion is granted.[17] They will have 30 days from the date a second amended complaint is filed.  Plaintiff's counsel should submit an order in accordance with this opinion.

                                                */s/ Kathryn C. Ferguson*
                                                KATHRYN C. FERGUSON
                                                US Bankruptcy Judge

---

[17] Extension of time is permitted under Fed. R. Bankr. P. 7015(a)(3)